# EXHIBIT 1

Dominick Bratti, Esq. – ID #016541987
Annemarie T. Greenan Esq. – ID #014722009
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiff,
Independent Laboratory Employees' Union, Inc.



FILED

OCT 16 2017

YOLANDA CICCONE, A.J.S.C.
CHAMBERS

--------------------------------------------X
                                    :
INDEPENDENT LABORATORY             :
EMPLOYEES' UNION, INC.,            :
                                    :
            Plaintiff,              :
                                    :
v.                                  :
                                    :
EXXONMOBIL RESEARCH AND            :
ENGINEERING COMPANY                :
                                    :
            Defendant.              :
                                    :
--------------------------------------------X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
SOMERSET COUNTY

DOCKET NO. 2-1253-17

Civil Action

**ORDER TO SHOW CAUSE**
**SUMMARY ACTION**

THIS MATTER being brought before the court by Dominick Bratti, Esq., attorney for

Plaintiff, Independent Laboratory Employees' Union, Inc., seeking relief by way of summary

action pursuant to R. 4:67-1(a), based upon the facts set forth in the verified complaint filed

herewith; and the court having determined that this matter may be commenced by order to show

cause as a summary proceeding pursuant to N.J.S.A. 2A:24-7 and for good cause shown,

IT IS ON THIS 16th day of October , 2017 *ORDERED* that the defendant,

ExxonMobil Research and Engineering Company, appear and show cause on the 28th day of

November , 2017 before the Superior Court at the Somerset County Courthouse, 20

North Bridge St., Somerville, New Jersey at 9 o'clock in the forenoon, or as soon thereafter

as counsel can be heard, why judgment should not be entered confirming the arbitration award of

01148666

the Arbitration Tribunal of the American Arbitration Association by entering judgment against the Defendant, in favor of Plaintiff,

    A. Granting the represented employees a United Way Day Off for 2016;

    B. Requiring the parties to bargain over the terms and conditions of the United Way Day Off Program and their implementation for the 2017 campaign prior to the start of that campaign or, in the event the 2017 campaign has already started, granting the represented employees all a United Way Day Off for 2017 while bargaining takes place and continues;

    C. Granting such other relief as the court deems equitable and just.

    And it is further *ORDERED* that:

    1.    A copy of this order to show cause, verified complaint and all supporting affidavits or certifications submitted in support of this application be served upon the Defendant personally within 30 days of the date hereof, in accordance with R. 4:4-3 and R. 4:4-4, this being original process.

    2.    The Plaintiff must file with the court its proof of service of the pleadings on the Defendant no later than three (3) days before the return date.

    3.    Defendant shall file and serve a written answer, an answering affidavit or a motion returnable on the return date to this order to show cause and the relief requested in the verified complaint and proof of service of the same by Nov. 20 , 2017. The answer, answering affidavit or a motion, as the case may be, must be filed with the Clerk of the Superior Court in the county listed above and a copy of the papers must be sent directly to the chambers of Judge Cicurel .

01148666

4.    The Plaintiff must file and serve any written reply to the defendant's order to show cause opposition by NOV. 22 , 2017. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge Ciccone .

5.    If the Defendant does not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the Plaintiff files a proof of service and a proposed form of order at least three days prior to the return date.

6.    If the Plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

7.    Defendant take note that Plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit. If you dispute the complaint, you, or your attorney, must file a written answer, an answering affidavit or a motion returnable on the return date to the order to show cause and proof of service before the return date of the order to show cause.

These documents must be filed with the Clerk of the Superior Court in the county listed above. Include a $ 175 filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your answer, answering affidavit or motion to Plaintiff's attorney whose name and address appear above. A telephone call will not protect your rights; you must file and serve your answer, answering affidavit or motion with the fee or judgment may be entered against you by default.

01148666

8.      The Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than $3$ days before the return date.

YOLANDA CICCONE, A.J.S.C.

01148666

Dominick Bratti, Esq. – ID #016541987
Annemarie T. Greenan Esq. – ID #014722009
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Plaintiff,
Independent Laboratory Employees' Union, Inc.

| | | |
|---|---|---|
| ----------------------------------------------X | | |
| | : | SUPERIOR COURT OF NEW JERSEY |
| INDEPENDENT LABORATORY | : | LAW DIVISION |
| EMPLOYEES' UNION, INC., | : | SOMERSET COUNTY |
| | : | |
| Plaintiff, | : | DOCKET NO. |
| | : | |
| v. | : | Civil Action |
| | : | |
| EXXONMOBIL RESEARCH AND | : | **VERIFIED COMPLAINT** |
| ENGINEERING COMPANY | : | |
| | : | |
| Defendant. | : | |
| | : | |
| ----------------------------------------------X | | |

Plaintiff, the Independent Laboratory Employees' Union, Inc. (the "ILEU" or "Plaintiff"), by way of verified complaint against Defendant, ExxonMobil Research and Engineering Company ("Exxon" or "Defendant"), states as follows:

## NATURE OF THE ACTION

1.      This action seeks the entry of a judgment confirming an arbitration award and entering judgment in favor of Plaintiff and against Defendant on that award.

2.      The award was entered by Roger E. Maher and delivered to the parties on September 26, 2017.

3.      The award is denominated as the Arbitration Award in an arbitration proceeding captioned "In the Matter of Arbitration between Independent Laboratory Employees'

1

01149901

Union, Inc., Union, and ExxonMobil Research and Engineering Company, Employer," Grievance No. 16-193, United Way Day.

## THE PARTIES

4.      Plaintiff is a labor organization which is the exclusive representative of certain Exxon employees who are based at the Defendant's Clinton, New Jersey facility.

5.      Defendant is a corporation with a facility located in Clinton, New Jersey.

6.      Plaintiff and Defendant have been parties to a collective bargaining agreement covering represented employees for many years.

## BACKGROUND

7.      It has been a long standing practice/course of dealing for Exxon to provide a United Way Day Off to represented employees.

8.      Each year, the Company would set a financial goal for employee charitable donations to the United Way Fund (sometimes combined with a participation goal) and would promise employees in advance that if the goal was met, they would get an extra paid day off to use as they see fit.

9.      Defendant unilaterally discontinued this United Way Day Off benefit.

10.     As a result, Plaintiff filed a grievance, and the parties proceeded to binding arbitration before a neutral arbitrator of the American Arbitration Association to determine whether Exxon violated the Agreement by discontinuing the United Way Day Off without first bargaining with the ILEU, and if so what shall the remedy be.

11.     The hearing was held on Tuesday, June 27, 2017 at the Hyatt Houses, Branchburg, New Jersey

2

01149901

12.     Following the hearing, the arbitrator determined that Exxon violated the CBA by unilaterally discontinuing he United Way Day Off.

13.     The ILEU's grievance was upheld and granted.

14.     The arbitrator determined that the represented employees shall be granted a United Way Day Off for 2016; and the parties shall be required to bargain over the terms and conditions of the United Way Day Off Program and their implementation for the 2017 campaign prior to the start of that campaign.

15.     The arbitration further ruled that in the event the 2017 campaign has already started, the represented employers shall similarly be granted a United Way Day Off for 2017 while bargaining takes place and continues.

16.     A true and correct copy of the Arbitration Award is attached hereto as Exhibit A.

17.     Having not heard from the Company as of October 4, 2017, Plaintiff requested bargaining in accordance with the Arbitration Award.

18.     In response, Defendant stated that "We are still evaluating the Award, including whether to challenge in court. I will keep you apprised of any developments."

19.     A true and exact copy of Defendant's response is attached hereto as Exhibit B.

20.     The 2017 United Way Campaign began on Monday, October 9, 2017.

21.     On Friday, October 6, 2017, Defendant sent an email to employees at Exxon's Clinton facility to officially kick off the 2017 United Way Campaign.

22.     A true and exact copy of the email "kicking off" the 2017 United Way Campaign is attached hereto as Exhibit C.

3

01149901

23. Defendant has not provided the represented employees with a United Way Day Off for 2016.

24. Defendant has not provided the represented employees with a United Way Day Off for 2017.

**COUNT I**
**(Confirmation of the Arbitration Award)**

25. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

26. Pursuant to <u>N.J.S.A.</u> 2A:24-7, Plaintiff is entitled to confirmation of the Arbitration Award.

WHEREFORE, Plaintiff requests that the Court enter judgment:

(a) Confirming the Award;

(b) Entering judgment on the Award;

1. Granting the represented employees a United Way Day Off for 2016;

2. Requiring the parties to bargain over the terms and conditions of the United Way Day Off Program and their implementation for the 2017 campaign prior to the start of that campaign or, in the event the 2017 campaign has already started, granting the represented employees all a United Way Day Off for 2017 while bargaining takes place and continues;

(c) Awarding Plaintiff its reasonable attorneys' fees and costs incurred in seeking confirmation of the Award; and

(d) Granting Plaintiff such other and further relief as the Court deems just and proper.

4

01149901

BUDD LARNER, P.C.
Attorneys for Plaintiff,
Independent Laboratory Employees' Union

By: _____
    DOMINICK BRATTI
    For the Firm

Dated: October 11, 2017

5

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1

Pursuant to Rule 4:5-1(c), Dominick Bratti, Esq. is hereby designated as trial counsel for

Plaintiff in the above-matter.

BUDD LARNER, P.C.
Attorneys for Plaintiff,
Independent Laboratory Employees' Union

By: _____
       DOMINICK BRATTI
       For the Firm

Dated: October 11, 2017

01149901

6

**CERTIFICATION PURSUANT TO R. 4:5-1**

I certify that to the best of my information, knowledge and belief, the matter in controversy is not the subject of any other pending or contemplated action or arbitration in any other court or proceeding, other than the arbitration proceeding captioned "Independent Laboratory Employees' Union, Inc., Union, and ExxonMobil Research and Engineering Company, Employer," Grievance No. 16-193, United Way Day, and that no other parties should be joined in the above action at this time.

BUDD LARNER, P.C.
Attorneys for Plaintiff,
Independent Laboratory Employees' Union

By: _____
     DOMINICK BRATTI
     For the Firm

Dated: October 11, 2017

## VERIFICATION

I, Michael Myers, of full age, being duly sworn according to law do hereby swear:

I am President of Plaintiff Independent Laboratory Employees' Union ("ILEU"). I have read the contents of the annexed Verified Complaint and verify that the statements contained therein are true to the best of my knowledge and belief. I am aware that if any of the statements contained in the Verified Complaint are willfully false, I am subject to punishment.

Dated: Short Hills, New Jersey
      October _11_ , 2017

                                       **MICHAEL MYERS**

Sworn and subscribed to
before me this _11_ day of
_October_ , 2017

Notary Public

**EMILY A. BORRERO**
**A Notary Public of New Jersey**
**My Commission Expires July 11, 2021**

01149901

# EXHIBIT A

**IN THE MATTER OF ARBITRATION BETWEEN**

——————————————————————— X
                                  :

INDEPENDENT LABORATORY
EMPLOYEES' UNION, INC.,               :

                    **Union**     :

                                    :      **ARBITRATION AWARD**
     -and-                      :      Grievance No. 16-193
                                    :      United Way Day
                                    :

EXXONMOBIL RESEARCH &
ENGINEERING COMPANY, INC.    :

                 **Employer**    :
——————————————————————— X

**APPEARANCES:**

    **For the Union**
        Attorneys for Independent Laboratory
        Employees' Union, Inc.
        BUDD LARNER
        150 John F. Kennedy Parkway
        Short Hills, New Jersey 07078-2703
        By:    DOMINICK BRATTI, ESQ.
               ANNEMARIE T. GREENAN, ESQ., On the Brief
        Also Present:
        Michael G. Myers, Sr. Research Tech, ILEU President
        Keith Hajkowski, Sr. Research Tech, EMRE, VP ILEU
        Dana Mazaro, Sr. Research Tech, EMRE

    **For the Employer**
        Attorneys for ExxonMobil Research &
        Engineering Company, Inc.
        22777 Springwoods Village Parkway
        Spring, Texas 77389
        BY:    AMY M. LUSIGNAN, ESQ.
               KIMBERLY D. PILCHER, ESQ.
        Also Present:
        Devon Taylor, Clinton Site Labor Adviser; HR Advisor
        Kenneth DelRossi, EMRE Process Technology Mgr.
        Jeffelee McClain, EMRE, R&D HR Mgr.

\

## INTRODUCTION

The above named Union (hereinafter the "Union") and Employer (hereinafter the "Company" or "Employer") are parties to a Collective Bargaining Agreement ("CBA" or "Agreement") covering a certain bargaining unit of employees, that provides for binding arbitration of unresolved disputes that may arise during its terms. In accordance therewith and with the consent of both parties, the undersigned was designated as Arbitrator to hear the issues in this case involving whether the Company violated the Agreement by discontinuing the United Way Day Off without first without first bargaining with the Union. The hearing was held on Tuesday, June 27, 2017 at the Hyatt Houses, Branchburg, New Jersey.

## ISSUE

The Union presented the issue at hearing as follow: Did the Company violate the the Agreement by discontinuing the practice of the United Way Day without first bargaining with the Union, and if so, what shall the remedy be?

The Employer presented the issue at hearing as follows: Did the Company violate Article I of the Agreement by discontinuing the practice of the "United Way Day" without first bargaining with the Union, and if so what shall the remedy be?

## THE HEARING

At the hearing the parties presented their respective cases. Both parties made opening statements and introduced exhibits. There were five (5) Employer Exhibits ("EX."), designated from 1 to 5; eight (8) Union Exhibits ("UX."); and two (2) Joint Exhibits ("JT."), that have been identified and or received into evidence. Each side also had party witnesses who were subjected to both direct and cross-examination. After the

2

close of the hearing both parties submitted post-hearing briefs, dated August 30, 2017.

## BACKGROUND

For some years, the Company has run an annual United Way charity campaign across the United States. As part of this campaign, the Company decided to offer a day off if certain targets were met as an incentive to employees to donate during the annual campaign. The Company began to offer the United Way Day to Clinton, New Jersey employees (represented and non-represented) in 2007. The Union represents certain of the Clinton, New Jersey employees in the bargaining unit covered by the CBA.

Due to a variety of factors including United Way corruption problems, a decline in industry conditions and as part of a corporate consolidation of Company offices at a new campus in Spring, Texas in 2014, the Company ended the United Way Day for certain other but not all employees in 2014. At a quarterly meeting between the Company and Union on September 14, 2016,  there was some discussion of whether the United Way Day was going to continue for the Employer's union represented Clinton, New Jersey employees. Pressed for clarification, the Employer advised the Union that the Company would advise the Union once a decision was made.

On Friday September 30, 2016, after the decision was made by management, the Company provided the Union with written notification that it was ending the United Way Day. Thereafter the Union filed its grievance in this matter on November 8, 2016, taking issue with: the Company's unilaterally ending the United Way Day; the Company's contradicting a past practice, connected to and specifying Article X, Section 8(1)(e) of the CBA; and the Company's failing in its duty to bargain as established under Article I, Recognition. On December 29, 2016, the Union advised the

3

Company it was making a formal request for arbitration.

## CBA PROVISIONS

The provisions of the CBA relevant to the arguments and issue before the

undersigned regarding this United Way Day dispute are as follows:

### CBA ARTICLE I, SECTION 2 - RECOGNITION

The Company recognizes the Union as the exclusive representative …. for the purpose of collective bargaining with respect to rates of pay, hours of employment and other conditions of employment. (JT. 1, pg.1).

### CBA ARTICLE XXVIII MANAGEMENT RIGHTS

The Company shall retain all rights of management for facilities covered by this Agreement or pertaining to the operation of the business, except to the extent that such rights are limited by provisions of this Agreement. (JT. 1, pg. 55).

### CBA ARTICLE XXIII, SECTION 2 - ENTIRE AGREEMENT

A.    This Agreement contains the entire Agreement between the parties.

B.    Any modifications or amendments shall be in writing and subscribed to by the accredited representatives of the parties.

C.    If the parties make any side agreements, any such agreement shall be terminable at will upon notice to the other party unless it is in writing and states that it is intended to be amendment or a modification of this Agreement. (JT. 1, pg. 49).

### CBA ARTICLE XXIII, SECTION 3 - WAIVER

The right of any party to require strict performance in accordance with the terms of this Agreement by the other shall not be affected by any waiver, forbearance or course of dealing. (Jt. 1, pg. 49.)

### CBA PROVISIONS GOVERNING EXCUSED WITH PAY

- Article XV, Section 10-Holidays (JT. 1, pg. 39).

- Article XVI, Section 1-Jury Duty (JT. 1, pg. 40).

- Article XVI, Section 2-Death in Family (JT. 1, pg.40).

- Article XVI, Section 1- Vacations (JT. 1, pg.42).

4

**CBA ARTICLE X, SECTION 8 - TIME PAID DURING REGULAR SCHEDULE**

A. Straight time shall be paid for any time worked during an employee's regular schedule.

B. In computing the 40 hours of time in the regular weekly schedule, in addition to time actually worked, time in the regular schedule not worked by reason of any of the following absences shall be included:

    1. With pay -

        a. Reporting for work with a reasonable expectation of work but being sent home for lack of work or other reason beyond the employee's control.

        b. Vacationing.

        c. Jury duty and death in the immediate family to the extent provided Sections 1 and 2 of Article XVI.

        d. On a recognized holiday falling within the regular schedule.

        e. Any absence approved with pay by the Company.

    2. Without pay -

        a. An absence approved by the Company for conducting Union business.

        b. Any absence approved by the Company.

        c. Disability certified by a Medical Division.  (JT. 1, pg. 17).

**CBA ARTICLE VIII, SECTION 7(C) - THE AWARD**

        No arbitrator shall have the authority to enlarge, modify, rewrite or alter any of the terms of this Agreement, or of any amendment or amendments thereof. (JT. 1, pg. 10).

### SUMMARY OF UNION'S CASE

The Union maintains that the Company violated the CBA when it breached its duty to bargain with the Union over the discontinuance of the United Way Day Off program. The Union points to Article I, Section 2 , the Recognition provision of the CBA. The Union also points to the National Labor Relations Act ("NLRA") and NLRB and Court case law establishing that an employer has a duty to bargain with a labor organization with respect to wages, hours, and other terms and conditions of employment. The Union thus concludes the United Way Day Off was a term and condition of employment within the meaning of the NLRA, and as a result the Company's decision was a mandatory subject of bargaining. The Union also maintains that unilaterally ending the United Way Day, the Company's action violated the CBA as it contradicted a past practice, connected to specifying this day as an instance of an excused "with pay absence approved by the Company" in Article X, Section 8(1)(e) of the Agreement.

As remedy the Union concludes the grievance should be upheld, represented employees should be granted a United Way Day Off for 2016 and the parties required to bargain over the terms and conditions of the United Way Day Off Program and their implementation for the 2017 campaign prior to the start of that campaign.

### SUMMARY OF EMPLOYER'S CASE

The Employer has a number of arguments as to why the grievance should be denied. They can be summarized as follows: (1)The United Way Day was not bargained for, is not provided for in the CBA, and there's was no implicit or explicit agreement with the Union to provide the day off, let alone in perpetuity; (2) The

6

Company exercised its management right to provide the United Way Day and then to end it for legitimate business reasons; (3) Article 23, Section 2 of the CBA, precludes the United Way Day from becoming a binding past practice, and without an executed written agreement to incorporate the day into the CBA, the Company lawfully ended the day upon notice to the Union; and (4) The Company lawfully ended the practice under the NLRA after the Union failed to request bargaining despite the Company providing advanced notice.

   The Employer also has a number of other contractually based arguments: that the United Way Day is not provided in or required by the CBA; that Article X does not require the Company to provide excused time off other than jury duty and death in family; that the Entire Agreement and Waiver clauses preclude a binding past practice; and that Article VIII, Section 7 reaffirms the principle that "No Arbitrator shall have the authority to enlarge, modify, rewrite or alter any of the terms of this Agreement."

   Based on all these arguments, the Employer concludes the grievance should be denied in its entirety.

**OPINION**

   At the outset both parties are commended for the preparation and presentation of their respective cases, including the comprehensiveness of witness testimony and exhibits, and the quality of their arguments, post-hearing briefs and provided case law . Upon a review of the transcript in this proceeding, the documentary evidence, the testimony of the witnesses called by the parties; and making certain credibility determinations and addressing the respective contentions of the parties, the Arbitrator upholds the Union's grievance finding that the Company violated the CBA by unilaterally

7

discontinuing the the United Way Day Off program without first bargaining with the Union.

### The Union has met its burden

As this was a grievance alleged by the Union, it was their burden to establish a violation. I find that the Union has met this burden. I am in agreement with the Union's primary argument that the Company violated the CBA by not bargaining with them over the issue of discontinuing the United Way Day Off program. The Union is correct that this was both a mandatory subject of collective bargaining and that the Company's action contradicted a past practice, connected to specifying this day as an instance of an excused "with pay absence approved by the Company" in Article X, Section 8(1)(e) of the CBA; and that the Company failed in its  mandated duty to bargain under law and as established under Article I, Section 2, the "Recognition" provision of the CBA.

### Past Practice

The Union is correct to point out that both the Union and Company witnesses testified that it has been a long standing practice for the Company to provide a United Way Day Off. (T83:23 to 84:85) Not only did the Company's Devon Taylor refer to it as "a practice" but in addition the Company's response to the Union's grievance stated that it was "discontinuing the practice of granting an excused with pay day as a result of the site reaching its United Way fundraising goal." (UX. 3) Moreover, all of the witnesses at the hearing testified that the practice was in place during the entire tenure of their employment at the Clinton location and had spanned a number of successive CBAs.

I note that both parties considered the day to fall within the excused "with pay"

8

provisions of Article X, and agreed that the day was administered pursuant to the terms

of Article X 8 (B)(1) (e) of the CBA. (T17:6 to 18; T41:14 to 19; T66:13 to 15;

T90:15-21). Mr. Taylor specifically testified that when these United Way Days were

given, they were absences considered approved by the Company falling under Article X.

In addition, time sheet guidelines created and distributed by the Company specifically

addressed the procedures to be followed. (UX. 2, T144:15 to 145:1) These time

sheet guidelines specifically included the United Way Day Off in the "OTHR" category of

days to which employees are entitled which also included bereavement and jury duty

days and not within the category of "EXWP" which are deemed "non-entitlement" days.

(UX. 2) Time Cards used by the employees similarly contain a United Way Day

designation. (UX. 1). It is also beyond dispute that employees have received the day off

without fail for every year from 2007 to 2015. (T149:24 to 150:3; T45:8 to 10; T161:13

to 162:23; T171:9 to 14).  Employees came to rely on the United Way Day Off being

there for them every year and factored this into their vacation and time off plans.

(T145:19 to 46:19: T150:9 to 120).

### Supportive court and NLRB decisions

I am satisfied with the Union's presentation of the case law in its post-hearing

brief demonstrating that it is well-settled that a term and condition of employment

includes any emolument of value which accrued to employees out of their employment

relationship. Clearly it is beyond dispute that paid time off is an emolument of value

which accrues to employees out of their employment relationship. Without repeating the

citations to the Court and Board decisions set forth in the Union's post-hearing brief,

these other tribunals have found the following practices similar to the United Way Day

9

off program to be mandatory subjects of bargaining:  an employer's providing employees with a 33% discount on the price of gas; an employer's practice of paying employees for work for time spent in blood drives; an employer's practice of providing employees with check cashing time or 15 minutes of paid time in lieu thereof; and an employer's practice of giving the employees one hour of paid leave in order to vote.

Before moving on to address the Employer's defenses and arguments, I would end this part of the Opinion by concurring with Union counsel and also highlighting one of these decisions, namely, the NLRB's decision in <u>Verizon</u>, where the Board held that the employer's practice of paying employees for work time spent participating in blood drives was a mandatory subject of bargaining. Like the blood drive program in <u>Verizon,</u> the United Way program, provided a number of substantial and material benefits to the employees here. These employees not only derived satisfaction from doing something for the public good but were also given paid time off for their efforts.

### The Employer's defenses/arguments

I would like to start this part of the Opinion by commending the Employer for all its philanthropic efforts including its involvement in the United Way campaign. It is a win win win for everyone, the Company, the Employees and the Community. I would also like to commend Employer counsel for not missing a single Article in the CBA in support of the Company's defenses and arguments and for the quality and multiplicity of all the arguments made at hearing and in her post-hearing brief. With that being said, I will proceed to address these defenses and arguments, none of which change the result.

The Company throughout the hearing and in its post-hearing brief maintains that it had no obligation to bargain over the United Way Day because of its unrestricted

10

rights under either the "Entire Agreement" Clause (Article XXIII, Section 2) or the "Management Rights" clause (ArticleXXVIII). I am in agreement with the Union's view on this as well. Contrary to the Company's assertion, Article XXIII, Section 2 of the CBA, does not give the Company the right to unilaterally interpret or alter the interpretation of provisions contained within the CBA.

I do not find the United Way Day off practice to be either a "modification" or an "amendment" that shall be in writing as per Article XXXIII, Section 2 (B). Nor do I find the practice with respect to the United Way Day off to be an unwritten "side agreement" relating to something outside of the CBA that a party may terminate upon due notice. As has been more than established the United Way Day Off was a practice that was considered by both parties as falling squarely within Article X of the CBA. It existed for many years and it interpreted and implemented the specific contractual language of an excused "with pay absence approved with pay by the Company" as per Article X, Section 8 of the CBA. (See T25:24 to 26:19) Thus I am in complete agreement with the Union's statements of law and it's supporting case law in its post-hearing brief, that it is well-settled that a provision of a CBA need not specifically spell out every detail of the provision and its interpretation and "that a particular custom or practice can become an implied term of a labor agreement through a period of acquiescence." (Citation omitted) instructive. In this regard "a practice may act as a binding unwritten term of the parties' collective bargaining agreement." (Citation omitted)

### The Company's conflicted statements on bargaining

The Company says many things about bargaining that appear at times to be conflicted. Some of its statement on bargaining lack a certain credibility. While claiming

11

the United Way Day Off is outside the parameters of the CBA, the Company at times claims that it would have bargained over the issue if asked by the Union. At other times it maintains that it does not have to bargain. It also presents some of the history here in a disingenuous way.

One of the reasons the Employer advances as to why this grievance should be denied, is that the Company lawfully ended the practice under the NLRA "after" the Union failed to request bargaining despite the Company providing advanced notice. The Employer attempts to paint a picture that it sufficiently informed the Union at the September 14, 2016 quarterly meeting and that something amounting to a full discussion on this took place there. The Employer adds to this picture by saying that on September 30, 2016, it provided the Union written notice that it was ending the United Way Day. To complete this picture, the Employer maintains that the Union never requested bargaining over the United Way Day. Instead, the Union just filed its "belated" grievance on November 8, 2016.

The reality as gleamed from the testimony at hearing and in the exhibits paints a different and in my eyes, and as a credibility determination, a truer picture. This truer picture indicates that beginning as early as 2014 decisions were being made by the Company regarding the United Way Program. For years the Company did not share any of this with the Union. Hearing rumors, the Union raised questions at its quarterly meeting with the Company on September 14, 2016. The response from the Company was abrupt, not terribly forthcoming and amounted to little more than advising the Union that when a decision was made they would be told of it. This is hardly an invitation to a discussion never mind some kind of expression of a willingness to bargain.

12

To add to my view of the truer picture, while the Union was in fact provided with written notice on September 30, 2016 that the Company characterizes as "advanced" notice that a United Way Day off would no longer be provided, the reality is that this letter just announced a unilateral termination and made no affirmative offer to bargain. I also point out that while this letter presented to the Union on a Friday purporting to be some kind of sufficient "advanced" notice, the reality is on the very next Monday, which was the very next business weekday, the Company was out there in writing to employees with information on announcing the newly modified United Way campaign minus any reference to the day off component.

Just five (5) weeks later the Union filed its grievance in this matter alleging in part that the Company had impermissibly and unilaterally withdrew the United Way Day off and neglected its duty to bargain duty as established under Article I's recognition provision. On December 2, 2016 the Company responded denying the grievance. In its response the Company completely avoided the primary point of the grievance that it had impermissibly and unilaterally withdrew the United Way Day and neglected its contractual bargaining duty. If the Company was real about being willing to bargain, it should have understood this grievance to be a bargaining request and should have then advised the the Union then that it was in fact willing to bargain.

This disingenuous claim and conduct is again repeated by the Company when just weeks later, the Union made its written request for arbitration in this matter. In this written request for arbitration, the Union clearly sets forth its position and indeed the central issue in this case, when it posits the arbitrable question as: "Did the Company violate the agreement by discontinuing the practice of the United Way Day without first

bargaining with the Union?" Again, if the Company was real about being willing to bargain, it should have understood this to be a continuing request by the Union to bargain over this matter and should have advised the Union then or at any time thereafter that it was in fact willing to bargain. To say at hearing and in its post-hearing brief that it is was always willing to bargain while standing on the formality of its position that the Union never technically made such a request for bargaining, is now a platform that the Company will stand alone on.

I also reject the notion that the Union has not acted quickly enough but only "belatedly" filed the grievance on November 8, 2016. I point out that this was only weeks after the September 30, 2016 notice provided by the Company. I would also point out that the Company had been internally working on changing and modifying this program for years. If anyone has been "belated", it may be more the Company in taking so long to change and modify the program and in taking so long in advising the Union of the situation. It should at least give the Union the same slack it has given itself. While I share the Company's view, that the Union could have made a clearer bargaining request to the Company, I can also say that the Company could have provided a clearer and more genuine response to the Union that it was in fact willing to bargain with them on this matter.

### Miscellaneous arguments and defenses

The Company makes numerous miscellaneous arguments that will be addressed here and in summary fashion. One of these is based on the "Management Rights" provision which is unavailing to change the result. By its terms these rights are limited by other provisions of the Agreement. They are also limited by law. I find that the

Company's rights under the "Management's Rights" provision are limited by both by the "Recognition" provision of the Agreement and by the NLRA establishing a bargaining obligation for mandatory subjects, which includes a bargaining obligation before discontinuing the United Way Day Off. I agree that the Company is correct that Article X of the CBA does not require the Company to give the Union paid time off outside of jury duty and death in family. I do not find that the Company is required to give the Union paid time off for the United Way Day. I do find that there is a contractual and lawful bargaining obligation before discontinuing the United Way Day Off.

The Company similarly makes much ado that the United Way Day is not a "binding" past practice and that the "Entire Agreement" and "Waiver" clauses preclude both a binding past practice and even a "course of dealing". Even assuming that such is precluded by these clauses, neither of these clauses or any of the case law contained in the Company's post-hearing brief precludes this Arbitrator from finding that the "Recognition" provision of the CBA, as well as federal labor law, was violated when this Employer unilaterally discontinued the United Way Day Off without bargaining over this mandatory subject of collective bargaining. In doing so, the undersigned does not contravene the CBA's prohibition on an Arbitrator's authority to enlarge, modify, rewrite or alter the terms of the Agreement.

### The Remedy

Moving on to fashioning a remedy in this matter, I note the Union's position. In sum, given it views of the Company's blatant refusal to bargain over the issue of the United Way Day, its year long concealment of its decision making process and its failure to provide notice of its clandestine plans until the 11th hour implementation, the Union contends that the only viable remedy is to return the parties to the status quo ante. As such, it argues any implementation of the discontinuance decision should be delayed until the parties have had a reasonable opportunity to engage in good faith negotiations on the matter and at the very least the benefit should be restored for the 2016 United Way Campaign year.

As remedy the Union concludes the grievance should be upheld, represented employees should be granted a United Way Day Off for 2016 and the parties required to bargain over the terms and conditions of the United Way Day Off Program and their implementation for the 2017 campaign prior to the start of that campaign. Other than broadly saying the grievance should be denied, the Company offers no view on the remedy.

I am in agreement with the Union's view that the only viable remedy is to return the parties to the status quo ante and that any implementation of the discontinuance decision should be delayed until the parties have had a reasonable opportunity to engage in good faith negotiations on the matter and at the very least the benefit should be restored for the 2016 United Way Campaign year. Therefore and as remedy, the grievance is upheld, the represented employees shall be granted a United Way Day Off for 2016 and the parties required to bargain over the terms and conditions of the United

16

Way Day Off Program and their implementation for the 2017 campaign prior to the start of that campaign. In the event the 2017 campaign has already started the benefit should be restored for this year as well while bargaining takes place and continues.

### AWARD

On the substantial and credible evidence of the case as a whole, the Arbitrator finds that the Employer violated the CBA by unilaterally discontinuing the United Way Day Off. As remedy the grievance is upheld; the represented employees shall be granted a United Way Day Off for 2016; and the parties shall be required to bargain over the terms and conditions of the United Way Day Off Program and their implementation for the 2017 campaign prior to the start of that campaign. In the event the 2017 campaign has already started, the represented employers shall similarly be granted a United Way Day Off for 2017 while bargaining takes place and continues. Thus the Union's grievance is granted.

Signed this 26th day of September, 2017

_____

Roger E. Maher
Arbitrator

STATE OF NEW YORK   )
                                      : ss.:
COUNTY OF KINGS      )

I, Roger E. Maher, do hearby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument , which is my Award.

_____

Roger E. Maher
Arbitrator

17

# EXHIBIT B

## Emily Borrero

| | |
|---|---|
| **From:** | Lusignan, Amy M <amy.m.lusignan@exxonmobil.com> |
| **Sent:** | Monday, October 09, 2017 2:17 PM |
| **To:** | Dominick Bratti |
| **Cc:** | Emily Borrero |
| **Subject:** | RE: United Way Award and Bill |

Mr. Bratti,

We are still evaluating the Award, including whether to challenge in court. I will keep you apprised of any developments.

Many thanks,
Amy

**Amy M. Lusignan**
Counsel
Labor & Employment Law

**Exxon Mobil Corporation**
Energy 2, 4B-501
22777 Springwoods Village Parkway
Spring, TX  77389
Phone (832) 624-6348
Cell (832) 431-7023
Fax (832) 625-0378
E-mail amy.m.lusignan@exxonmobil.com

This document may contain information that is work-product, privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are on notice that any unauthorized disclosure, copying, distribution, or taking of any action in reliance on the contents of the electronically transmitted materials is prohibited.

**From:** Dominick Bratti [mailto:dbratti@buddlarner.com]
**Sent:** Wednesday, October 4, 2017 1:44 PM
**To:** Lusignan, Amy M <amy.m.lusignan@exxonmobil.com>
**Cc:** Emily Borrero <eborrero@buddlarner.com>
**Subject:** FW: United Way Award and Bill

Ms. Lusignan,

While I understand that you may not have been  in the office when the Arbitrator's Award was issued, we still have not heard anything regarding the required bargaining as to the issue of the United Way Day.  Please advise as to when we can proceed with same.

Thank you,

Dominick Bratti, Esq.
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ  07078-2703
(973) 315-4491



**From:** strike52@aol.com [mailto:strike52@aol.com]
**Sent:** Tuesday, September 26, 2017 6:30 PM
**To:** amy.m.lusignan@exxonmobil.com; Dominick Bratti
**Subject:** United Way Award and Bill

Amy/ Dom
attached please find arbitrator award and bill
separate and apart good working with each other
Best, arbitrator Roger Maher

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

THE INFORMATION CONTAINED IN THIS EMAIL COMMUNICATION IS INTENDED ONLY FOR
THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT NAMED ABOVE.
This message may be an Attorney-Client communication, and as such is privileged and confidential. If
the reader of this message is not the intended recipient, you are hereby notified that you have
received this communication in error, and that any review, dissemination, distribution, or copying of
the message is strictly prohibited. If you have received this transmission in error, please destroy this
transmission and notify us immediately by telephone and/or reply email.

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

# EXHIBIT C

**Annemarie Greenan**

**Subject:**  FW: Kicking off this year's United Way Campaign Week -- October 9th -- See email for links to ePledge, instructions and details about next week!

**From:** Kaplun, Ana P
**Sent:** Friday, October 06, 2017 1:19 PM
**To:** DS-EMRE-CLINTON-ALL <DS-EMRE-CLINTON-ALL@exxonmobil.com>
**Subject:** Kicking off this year's United Way Campaign Week -- October 9th -- See email for links to ePledge, instructions and details about next week!


Clinton Site Employees:


I would like to announce the kickoff of this year's United Way Fundraising Campaign. Each year, the Clinton site focuses one week in October on raising contributions to help the United Way of Hunterdon County and other charities. Our site consistently steps up to generate the type of funds the United Way helps to turn into positive impact in the community. Each year, we continue to have a large fraction of our site donate to the fundraising drive, including a significant number of Leadership Givers ($1000/yr or ~$20/week).


As in years past, we have two targets as a site;

- 100% of all site employees participating in our fundraising event. This means that we want every employee to take the time to go through the fundraising call, log into ePledge and select the option to donate or to not donate.
- A contribution commitment of $275,000.


*As a reminder, we have moved away from the paper pledge cards used in years past, we are using ePledge. To pledge your donation, please click here to access ePledge or type goto/epledge into your web browser and follow the instructions.*


Enter the last 4 digits of your SSN to log into ePledge. Reminder: Safe to use the last 4 digits. Before ePledge information is submitted, this 4 digit number is converted to a "hashed" encrypted message – safeguarded.


When you click Enter Pledge, last year's donation will show as a reminder to you. You can either 1) increase last year's contribution or 2) enter new total amount and 3) you also have the option to not pledge/contribute in 2017. Please consider pledging to the organization of your choice, every dollar helps those in need.



*You now have the option of entering # of months for payroll deduction (last year defaulted to 12)*

If you want to be included in the daily raffle drawing, you must select first option (*which is automatically defaulted as a selection*)



Pledge is automatically designated to United Way of Hunterdon County, if you wish to designate to a different organization, select second option and select organization from drop down menu.

2

Upon completing ePledge, you will have an opportunity to review your information and make any changes before clicking

CONFIRM at the bottom of the page. Once you click CONFIRM, you will receive a Pledge Receipt . Click Exit at the top right of page to exit out of ePledge.

You will also receive an email confirming your pledge (receipt).

From: ePledge [mailto:epledge@exxonmobil.com]
Sent: Friday, October 6, 2017 11:44 AM
To: Kaplun, Ana P <ana.p.kaplun@exxonmobil.com>
Subject: Your Pledge Receipt

**Identification**

Name: ANA P KAPLUN
Personnel Number: 10030243
Location: Clinton

**Pledge**

Contribution: $XXX.XX
Giving Method: Payroll Deduction
Deduction Months 5
Monthly Deduction $20.00
Date: 10/6/2017 10:43:44 AM

**United Way of Greater Clinton**

To bring awareness to this year's campaign, we will once again have activities through the week of October 9th as detailed below. An area canvasser will also be in touch with every employee on site to hand out a campaign week gift and to answer any questions you might have.

*Beginning October 9th, prize drawings will be held each day for all employees who have completed their ePledge (daily completion cutoff time is 11:00 a.m.) Winners will be announced by 2:00 p.m. via email – GOOD LUCK!*

10/9/17 - UW Campaign Week Begins - Newsletter

(Donuts / Granola Bars at N. Door & Lobby 7:00 am to 9:00 am)

10/10/17 - Spin A Wagon Wheel

(Outside Cafeteria 11:30 am to 1:30 pm)

10/11/17 - Fun Run - Giddy Up Yall

(1:45 pm - 3:00 pm Main Lobby West Door)

10/12/17 - Fun Run (Rain Date)

(1:45 pm - 3:00 pm Main Lobby West Door)

10/13/17 - Hot Dog Day Round Up

(Outside Cafeteria 11:30 am Tdl Gone)




Let me take this opportunity to thank you in advance for making your donation and for everything you do to support the United Way – both as part of the annual campaign and throughout the year. Your volunteer time and monetary donation will touch many lives.

3

For more information about the United Way of Hunterdon County, click here.

*Ana P Kaplun*

*ExxonMobil Research and Engineering*

*Community Relations Advisor & United Way Site Chair*

*1545 US Highway 22 East*

*Room CC284*

*Annandale, NJ 08801-3059*


*EMRE R&D Clinton Community Relations SharePoint Site*

**ANTICIPATE | INNOVATE | INTEGRATE | EMPOWER**


*Office: 908-335-3740*

*Cell: 908-323-5431*

*Fax: 908-335-3051*

ana.p.kaplun@exxonmobil.com

Exxon Mobil Corporation



My Site

_____

The information transmitted in this message is intended only for the person(s) to whom it is addressed and may contain confidential information. If you receive this message in error, please contact the sender immediately and promptly delete the message.

4